UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUZ TORRES, CLARA JAVIER, JUSTA YNOA,
CARMEN MARIA VARGAS, and DULCINA
TEJADA, on their own behalf and on the behalf of
others similarly situated,

                                        Plaintiffs,

            v.                                              Case No. 08-CV-3678 (CBA) (RER)

RIDGEWOOD BUSHWICK SENIOR CITIZENS
HOMECARE COUNCIL, INC. and CHRISTIANA
FISHER, an individual,

                                        Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

FORD & HARRISON LLP

Stephen E. Zweig
Alyson C. Bruns
100 Park Avenue, Suite 2500
New York, NY 10017
(212) 453-5900
(212) 453-5959 (facsimile)
Attorneys for Defendant

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

PLAINTIFFS' ALLEGATIONS ............................................................................. 2

ARGUMENT ............................................................................................................ 3

    I.    STANDARD OF REVIEW.................................................................................... 3

    II.    PLAINTIFFS ARE EXEMPT FROM OVERTIME COVERAGE UNDER THE FLSA...................... 3

      A.    Household Duties Are Covered Companionship Services ............................ 3

      B.    Plaintiffs' Duties Were Exempt Companionship Services ........................... 5

    III.    DEFENDANTS ARE EXEMPT FROM COVERAGE UNDER THE OVERTIME REQUIREMENTS OF THE NEW YORK MINIMUM WAGE LAW BECAUSE RIDGEWOOD BUSHWICK IS A CERTIFIED NON-PROFITMAKING INSTITUTION ................................................................................ 6

    IV.    PLAINTIFFS ARE NOT ENTITLED TO SPREAD OF HOURS PAY UNDER NEW YORK'S LABOR LAW .......................................................................................................... 7

      A.    The Certification Exempts Defendants from Spread of Hours ....................... 7

      B.    Even if Defendants Were Required to Pay Spread of Hours, the Plaintiffs Earn too Much to Qualify ................................................................................. 8

    V.    THE ACTION IS NOT SUITABLE FOR A CLASS OR A COLLECTIVE ACTION BECAUSE PLAINTIFFS ARE NOT SIMILARLY SITUATED ................................................................. 9

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................3, 6

*Coke v. Long Island Care-At-Home*, 127 S. Ct. 2339 (2007)...............................................4

*Coke v. Long Island Care at Home, Ltd. et al.*, 267 F. Supp. 2d 332 (E.D.N.Y. 2003) ........................................................................................................................4

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) ............................................3

*Doo Nam Yang v. ACBL Corp., et al.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005) ...................8

*Franklin v. Breton International, Inc.*, 2006 U.S. LEXIS 88893 (S.D.N.Y. Dec. 11, 2006) ...............................................................................................8

*Heng Chan v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006).................................................................................................7

*Herrera v. Council for Human Services Home Care Services Corp.*, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008) ........................................3, 6

*Hill v. Philip Morris USA*, 2007 U.S. Dist. LEXIS 60241 (S.D.N.Y. May 11, 2004) ...........................................................................................3

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996)........................................................................3

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993)...........................................6

*Threat v. CRF First Choice, Inc.*, 2006 LEXIS 50934 (N.D. Ind. Jul. 21, 2006)...............9

## STATUTES, RULES, AND REGULATIONS

29 C.F.R. § 552.6 .................................................................................4, 5

29 U.S.C. § 213(a)(15)..........................................................................1, 4

FRCP 12(b)(6) .....................................................................................1, 3, 10

New York Labor Law §§ 650 *et seq*.………………………………….............6, 7, 8

12 N.Y.C.R.R. § 142.………………………………………………….…….7, 8

## ADDITIONAL AUTHORITY

U.S. Department of Labor Letter, 1995 DOL WH Lexis 22, March 15, 1995…………...4, 5

Defendant Ridgewood Bushwick Senior Citizens Homecare Council, Inc. ("Ridgewood Bushwick" or the "Agency") and Christiana Fisher (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the amended class action complaint ("Complaint") of Luz Torrres, Clara Javier, Justa Ynoa, Carmen Maria Vargas, and Dulcina Tejada, and others similarly situated (collectively "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") with prejudice in its entirety.

## PRELIMINARY STATEMENT

Defendant Ridgewood Bushwick is a New York not-for-profit corporation whose sole business is a contract with the City of New York Human Resources Administration to provide homecare services to Medicaid-eligible individuals who are medically or physically disabled or frail and elderly. Christiana Fisher is the executive director of the Agency.

Plaintiffs first commenced this action on September 10, 2008, alleging that Defendant Ridgewood Bushwick violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages to Plaintiffs.[1] Following receipt of Plaintiffs' complaint, Defendants' counsel notified Plaintiffs' counsel that Plaintiffs were exempt from the FLSA under that statute's "companionship exemption." 29 U.S.C. § 213(a)(15). In an obvious attempt to circumvent that exemption, Plaintiffs' counsel amended the complaint to allege that Plaintiffs performed general household work that exceeded 20% of the total weekly hours worked.[2] *See* Amended Class Action Complaint "Complaint" ¶¶ 57, 70, 82, 86, 95, 107, attached to the Declaration of Stephen E. Zweig as Exhibit

---

[1] The pendent State claims are for overtime and "spread of hours" payment under the New York Labor Law, as discussed, *infra*, on pages 8-10 of this Memorandum.

[2] This limited exception to the companionship exemption is discussed, *infra*, on pages 5-7 of this Memorandum.

"A."

Defendants move to dismiss Plaintiffs' amended complaint because it fails to state a claim under the FLSA, even as amended. Defendants also move to dismiss Plaintiffs' pendent state claims for failure to state claims.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs each allege that their "primary duty was to care for the patient."[3] Complaint ¶¶ 57, 70, 82, 95, 107. Plaintiffs also each allege that their total hours worked per week consisted of "household duties" in a variety of forms and for various amounts of time, as set forth in the chart below. *Id.*

| Plaintiff | Cleaning | Meals | Bathing | Laundering | Errands | Bed | Total |
|-----------|----------|-------|---------|-----------|---------|-----|-------|
| Luz Torres | 12 hours | 10 hours | 6 hours | 6 hours | 8 hours | 6 hours | 48 hours |
| Clara Javier | 12 hours | 8 hours | 6 hours | 4 hours | 6 hours | 6 hours | 42 hours |
| Justa Ynova | 12 hours | 6 hours | 6 hours | 4 hours | 6 hours | 6 hours | 40 hours |
| Carmen Maria Vargas | 18 hours | 12 hours | 6 hours | 6 hours | 8 hours | 6 hours | 56 hours |
| Dulcina Tejada | 14 hours | 12 hours | 6 hours | 4 hours | 6 hours | 6 hours | 48 hours |

Based on these allegations, Plaintiffs each claim they worked more than 40 hours a week and were not paid overtime under the FLSA and New York Labor Law ("NYLL"), and also were not paid additional spread of hours' pay under the NYLL for shifts worked over ten hours while employed by Defendants. Complaint ¶¶ 119-132.

---

3 The Agency refers to recipients of homecare as "clients" instead of "patients." Because Plaintiff's Complaint refers to these recipients as "patients," the two terms are used interchangeably in this Memorandum of Law.

## ARGUMENT

### I.    STANDARD OF REVIEW

"For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Herrera v. Council for Human Services Home Care Services Corp.*, 2008 U.S. Dist. LEXIS 67446 (S.D.N.Y. Aug. 27, 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 , 167 L. Ed. 2d 929 (2007) and dismissing the plaintiff home attendant's FLSA claim because she did not plead sufficient facts to overcome the FLSA's companionship exemption).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (internal quotation marks omitted).

In deciding whether to grant a motion to dismiss a complaint because it fails "to state a claim upon which relief can be granted" pursuant to FRCP 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff, drawing all reasonable inferences in his/her favor. *Hill v. Philip Morris USA*, 2007 U.S. Dist. LEXIS 60241 at *6 (S.D.N.Y. May 11, 2004).   It is well established in the Second Circuit, however, that while the pleading standard is a liberal one, "bald assertions and conclusions of law will not suffice." *Id.* at *2 (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)); *see also De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (holding that "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

### II.   PLAINTIFFS ARE EXEMPT FROM OVERTIME COVERAGE UNDER THE FLSA

#### A.    Household Duties Are Covered Companionship Services

The Fair Labor Standards Act ("FLSA") exempts from its minimum wage and maximum

hour's rules employees "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15), attached to the Declaration of Stephen E. Zweig as Exhibit "B." The U.S. Supreme Court recently upheld this "companionship exemption" in *Coke v. Long Island Care-At-Home,* 127 S. Ct. 2339 (2007). In *Coke,* the plaintiff worked for a home healthcare agency as a home healthcare attendant and was assigned to provide companionship services to a client in the client's home. *See Coke v. Long Island Care at Home, Ltd. et al.,* 267 F. Supp. 2d 332 (E.D.N.Y. 2003). The same relationship between employer, employee, and client that existed in *Coke* exists here. Plaintiffs are homecare workers assigned by a homecare agency to provide service to clients in the client's home.

A regulation of the U.S. Department of Labor ("DOL") defines "companionship services" as:

> Those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, that such work is incidental, *i.e.,* does not exceed 20 percent of the total weekly hours worked.

29 CFR § 552.6, attached to the Declaration of Stephen E. Zweig as Exhibit "C." This regulation thus specifically exempts "household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services" -- the same services alleged by Plaintiffs as "household duties."

In an opinion letter, the DOL provides more examples of services that "would be the type of household work that would be exempt work," identifying "cleaning the patient's bedroom, bathroom

or kitchen, picking up groceries, medicine, and dry cleaning." *See* DOL Opinion Letter, 1995 DOL WH LEXIS 22, attached to the Declaration of Stephen E. Zweig as Exhibit "D." These services would be exempt, says the DOL, because they "would be related to personal care of the patient." *Id.* The DOL contrasts those services with *general* household duties, *e.g.,* "heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house.'" *Id.* Even those *general* household duties are exempt services provided only that "such work is incidental, *i.e.*, does not exceed 20 percent of the total weekly hours worked." 29 CFR § 552.6.

**B.      Plaintiffs' Duties Were Exempt Companionship Services**

1.      Plaintiffs each admit their "primary duty was to care for the patient." Complaint ¶¶ 57, 70, 82, 95, 107.

2.      Plaintiffs each admit their "household duties" consisted of "cleaning the client's house," "preparing meals and cooking," "bathing the patient," "doing laundry," "running errands for the patient," and "making and changing the bed." Complaint ¶¶ 57, 70, 82, 95, 107. [4]

3.      Each of these household duties, when related to the care of the patient, constitutes a covered "companionship service" under 29 CFR 552.6.

4.      Plaintiffs do no allege that any of these "household duties" were unrelated to the care of the patient.

5.      Plaintiffs make the bare allegation that they "spent more than 50% of their

---

[4]   As for work the Plaintiffs performed but did not specify, the Plaintiffs admit this time was spent "car[ing] for the patient[s]." Complaint ¶¶ 57, 70, 82, 95, 107.

time doing general household duties for each client they had to attend to." Complaint ¶ 86. But Plaintiffs do not allege they performed any "general household work," such as "heavy cleaning" (*i.e.,* "cleaning refrigerators, ovens, trash or garbage removal, or cleaning 'trashy' homes"). 1995 DOL WH LEXIS 22.[5]

In *Herrera v. Council for Human Services Home Care Services Corp.*, 2008 U.S. Dist. LEXIS 67446 at ** 4-5 (S.D.N.Y. Aug. 27, 2008), the court dismissed the plaintiff home attendant's complaint even though she claimed in a memorandum of law that she spent over 20% of her time performing "general household work." The court stated the plaintiff had failed to "amplify her claim with some factual allegations tending to show that the 'companionship services' exemption from the FLSA does not apply to her." Here, as well, Plaintiffs have failed to "amplify [their] claim[s]."

In addition, in this case, plaintiffs have already had the opportunity to amend their complaint to meet this minimum requirement and were not able to do this. "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam). Therefore, Plaintiffs' amended complaint should be dismissed with prejudice.

## III. DEFENDANTS ARE EXEMPT FROM COVERAGE UNDER THE OVERTIME REQUIREMENTS OF THE NEW YORK MINIMUM WAGE LAW BECAUSE RIDGEWOOD BUSHWICK IS A CERTIFIED NON-PROFITMAKING INSTITUTION

New York Labor Law § 652 (3)(b) exempts employees of a not-for-profit organization from coverage of New York's Minimum Wage Act, including its overtime provisions, where "the

---

5  Plaintiffs also do not allege more than "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1967-65 (internal quotation marks omitted).

organization has filed a Certificate of Non-Profitmaking Institutions with the New York State

Department of Labor ("DOL"), certifying that it will pay the statutory minimum hourly rate, and

makes the certification within six months after being organized."[6]  Ridgewood Bushwick filed such

a certification with the State on January 31, 1980, approximately six weeks after it was organized on

December 18, 1979.  *See* Ridgewood Bushwick's Certification of a Non-Profitmaking Institution and

Ridgewood Bushwick's Certification of Incorporation, attached to the Declaration of Stephen E.

Zweig as Exhibits "E" and "F," respectively.  Accordingly, Plaintiffs' claims for overtime pay under

the NYLL must be dismissed because Plaintiffs are not covered by NYLL.

## IV. PLAINTIFFS ARE NOT ENTITLED TO SPREAD OF HOURS PAY UNDER NEW YORK'S LABOR LAW

### A. The Certification Exempts Defendants from Spread of Hours

1.      Because Plaintiffs are exempt from the New York's Minimum Wage Act,

Plaintiffs cannot state a claim for spread of hours compensation under NYLL.  *See* N.Y. Labor Law

§§ 650 *et seq*; 12 N.Y.C.R.R. § 142-2.4.  In fact, the New York Code, Rules and Regulations that

contains the spread of hours' provision expressly states that the regulation applies only "to

---

6  New York Labor Law § 652 (3)(b) states:  Non-profitmaking institutions. Option available to non-profitmaking institutions. The provisions of any wage order issued under this article shall not apply, however, to any non-profitmaking institution which pays and continues to pay to each of its employees in every occupation a wage, exclusive of allowances, of not less than the minimum wage provided in subdivision one of this section provided that such institution had certified under oath to the commissioner, on or before September first, nineteen hundred sixty, that on or before October first, nineteen hundred sixty it would pay and thereafter intended to pay such wage to each of its employees in every occupation and provided further that all the provisions of this article have not become applicable to such institution by operation of paragraph(c) of this subdivision.  f such institution was not organized or did not hire any employees as defined in subdivision five of section six hundred fifty-one of this chapter before September first, nineteen hundred sixty, such provisions shall not apply so long as, commencing six months after it was organized, or first employed such employees it paid  and continues to pay such wage to each of its employees in every occupation, provided that such institution certified under oath  within six  months after it was organized or first employed such employees that it would pay and thereafter intended to pay such wage to  each of its employees  in every occupation and provided further that all the provisions of this article have not become applicable  to  such institution by operation of paragraph (c) of this subdivision.

employees in nonprofitmaking institutions which have **_not_** elected to be exempt from coverage under a minimum wage order." *See id.* § 142-3 (*emphasis supplied*).  Ridgewood Bushwick elected to be exempt from New York's Minimum Wage Act; therefore, Plaintiffs cannot state a claim they are entitled to spread of hours compensation.

**B.      Even if Defendants Were Required to Pay Spread of Hours, the Plaintiffs Earn too Much to Qualify**

While Plaintiffs have no claim for spread of hours pay, if, for argument's sake, they were not exempt, they would still not qualify for such compensation because they earned too much in wages. While the "'spread of hours' provision in the New York regulations requires an additional hour's pay at the 'basic minimum hourly rate' for any day where the spread of hours in a day exceeds ten hours . . . [t]he provision, however, applies only to workers earning the minimum wage." *See Franklin v. Breton International, Inc.*, 2006 U.S. LEXIS 88893 (S.D.N.Y. Dec. 11, 2006) (quoting N.Y.C.C.R.R. Title 12 § 142-2.2; citing *Heng Chan v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006) and distinguishing *Doo Nam Yang v. ACBL Corp., et al.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005).    Plaintiffs do not plead they earned minimum wage, and the only pay cited in the Complaint is $9.90 an hour (*see* Complaint ¶ 117), which is significantly above New York's current minimum wage of $7.15 (*see* New York Labor Law § 652).    Thus, even if the Plaintiffs were not exempt, they would have no spread of hour's claim under NYLL.

## V.   THE ACTION IS NOT SUITABLE FOR A CLASS OR A COLLECTIVE ACTION BECAUSE PLAINTIFFS ARE NOT SIMILARLY SITUATED

Even if the Plaintiffs had pled facts upon which relief could be granted, which they have not, this action nonetheless must be dismissed because the Plaintiffs are not similarly situated and thus this action is not appropriate as a class or collective action.[7]  Each Plaintiff, by its own admission, works different hours in different homes for different clients performing services under different circumstances.   Class discovery is, therefore, impossible and individualized discovery would be necessary to determine the underlying facts applicable to each plaintiff, undermining the purpose of a collective action, which is "to economize and simplify the individual actions."  *Threat v. CRF First Choice, Inc.*, 2006 U.S. District LEXIS 50934 (N.D. Ind. Jul. 21, 2006) (decertifying a class of home attendants "because each plaintiff's work situation would still have to be extensively analyzed after considerable additional discovery had taken place.").

---

7   Moreover, beyond the fact that Plaintiffs are not similarly situated to each other or to other home attendants who work for Ridgewood Bushwick, they are certainly not similarly situated to the even broader class they purport to represent which is "all persons who worked for the defendants in the past 6 years without overtime compensation." Complaint ¶ 48.  This expansive group would encompass employees who work for Ridgewood Bushwick in totally different capacities than Plaintiffs, such as bookkeepers, case coordinators, and clerks, for whom no "similarly situated" claim can be made.

**CONCLUSION**

For all the foregoing reasons, Defendants motion to dismiss the Complaint, with prejudice, in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, should be granted with such other relief as the Court deems just and proper.

Dated:   New York, New York
         January 5, 2009

Respectfully submitted
FORD & HARRISON LLP

By: *Stephen E. Zweig*
    Stephen E. Zweig, Esq. (SZ-8697)
    Alyson C. Bruns, Esq. (AB-7554)
    100 Park Avenue, Suite 2500
    New York, New York  10017
    Phone:  212. 453. 5900
    Fax:  212. 453. 5959

    Attorneys for Defendants
    Ridgewood Bushwick Senior Citizens
    Homecare Council, Inc. and Christiana
    Fisher, an individual

NEW YORK:54455.13

10