FORD & HARRISON LLP
Stephen E. Zweig (SZ-8697)
100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5900

Attorneys for Defendants
Ridgewood Bushwick Senior Citizens Homecare Council, Inc. and Christiana Fisher

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUZ TORRES, CLARA JAVIER, JUSTA, YNOA, CARMEN MARIA VARGAS, and DULCINA TEJADA, on their own behalf and on the behalf of others similarly situated,<br><br>             Plaintiffs,<br><br>    vs.<br><br>RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL, INC. and CHRISTIANA FISHER, an individual,<br><br>             Defendants. | 08-CV-3678 (CBA) (RER)<br><br>**DECLARATION OF STEPHEN E. ZWEIG** |

STEPHEN E. ZWEIG, under penalty of perjury and pursuant to 28 U.S.C. §1746 declares as follows:

1.    I am a partner in the firm Ford & Harrison LLP, attorneys for the Defendants Ridgewood Bushwick Senior Citizens Homecare Council, Inc. ("Ridgewood Bushwick") and Christiana Fisher (collectively, "Defendants") in this action. I am familiar with the facts and circumstances set forth in this Declaration. I make this Declaration in support of Defendants' motion to dismiss, in its entirety, the amended class action complaint against Defendants.

2.    Annexed hereto as Exhibit "A" is a true and correct copy of Plaintiffs' Amended Class Action Complaint, dated November 11, 2008.

3.     Annexed hereto as Exhibit "B" is a true and correct copy of 29 U.S.C. § 213(a)(15).

4.     Annexed hereto as Exhibit "C" is a true and correct copy of 29 CFR § 552.6.

5.     Annexed hereto as Exhibit "D" is a true and correct copy of the United States Department of Labor's Opinion Letter, 1995 DOLWH LEXIS 22, dated March 15, 1995.

6.     Annexed hereto as Exhibit "E" is a true and correct copy of Ridgewood Bushwick's Certification of a Non-Profitmaking Institution, dated January 31, 1980.

7.     Annexed hereto as Exhibit "F" is a true and correct copy of Ridgewood Bushwick's Certification of Incorporation, dated December 17, 1979.

Executed on January 5, 2009, at New York, New York.

Stephen E. Zweig (SZ-8697)

FORD & HARRISON LLP
100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5900

NEW YORK:55343.1

# Exhibit A

08 CIV 3678
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUZ TORRES, CLARA JAVIER, JUSTA YNOA,
CARMEN MARIA VARGAS, and DULCINA TEJADA,
on their own behalf and on the behalf of others similarly situated.

Plaintiffs,

-against-

RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE
COUNCIL INC. and CHRISTIANA FISHER, an individual,

Defendants.

## AMENDED CLASS ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:   Ford and Harrison LLP
      Stephen E. Zweig (SZ 8697)
      *Attorney for Defendants*
      100 Park Avenue, Suite 2500
      New York, NY 10017
      (212) 453-5900



RECEIVED
DEC 0 1 2008
FORD & HARRISON LLP
NEW YORK CITY

21

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUZ TORRES, CLARA JAVIER, JUSTA YNOA,
CARMEN MARIA VARGAS, and DULCINA
TEJADA, on their own behalf and on the behalf
of others similarly situated.

                        Plaintiff,

    -against-

**AMENDED CLASS
ACTION COMPLAINT**

08 CIV 3678

JURY TRIAL
DEMANDED

RIDGEWOOD BUSHWICK SENIOR CITIZENS
HOMECARE COUNCIL INC. and  CHRISTIANA FISHER,
an individual,

                        Defendants.
                                   X

1. Plaintiffs, LUZ TORRES, CLARA JAVIER, JUSTA YNOA, CARMEN
   MARIA VARGAS, and DULCINA TEJADA on their own behalf and as
   proposed representatives of a class (hereinafter referred to as "Plaintiffs"), by
   their attorneys at Helen F. Dalton & Associates, PC, allege, upon personal
   knowledge as to themselves and upon information and belief as to other matters,
   as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, through undersigned counsel, bring this action against RIDGEWOOD
   BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. and
   CHRISTIANA FISHER an individual (collectively, "Defendants"), to recover

damages for egregious violations of federal and state overtime laws and spread of hours arising out of Plaintiffs' employment at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave. Brooklyn, NY 11206.

3. Plaintiff LUZ TORRES was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC., from approximately November 01st, 1994 through present. Although Plaintiff LUZ TORRES worked approximately fifty six (56) hours or more per week during the period of November 01st, 1994 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff LUZ TORRES was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. from approximately November of 1994 through present, Defendants failed to pay an extra hour of minimum wage for days worked over 10 hours, in accordance with NY Labor Law and Fair Labor Standards Act.

5. Although Plaintiff LUZ TORRES worked approximately fifty six (56) hours or more per week during the period of November 01st, 1994 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

7. Plaintiff, through undersigned counsel, brings this action against RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. and CHRISTIANA FISHER an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state overtime laws and spread of hours arising out of Plaintiffs' employment at the RIDGEWOOD

2

BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206.

8. Plaintiff CLARA JAVIER was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC., from approximately September 01st, 2002 through present. Although Plaintiff CLARA JAVIER worked approximately sixty (60) hours or more per week during the period of September of 2002 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. Plaintiff CLARA JAVIER was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. from approximately September of 2002 through present, Defendants failed to pay an extra hour of minimum wage for days worked over 10 hours, in accordance with NY Labor Law and Fair Labor Standards Act.

10. Although Plaintiff CLARA JAVIER worked approximately sixty (60) hours or more per week during the period of September of 2002 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

11. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

12. Plaintiff, through undersigned counsel, brings this action against RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. and CHRISTIANA FISHER an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state overtime and spread of hours laws arising out of Plaintiff's employment at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206.

13. Plaintiff JUSTA YNOA was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC., from approximately August 01st, 2001 through present. Although Plaintiff JUSTA YNOA worked approximately forty eight (48) hours or more per week during the period of August 01st, 2001 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

14. Plaintiff JUSTA YNOA was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL from approximately August of 2001 through present, Defendants failed to pay an extra hour of minimum wage for days worked over 10 hours, in accordance with NY Labor Law and Fair Labor Standards Act.

15. Although Plaintiff JUSTA YNOA worked approximately forty eight (48) hours or more per week during the period of August of 2001 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

16. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

17. Plaintiff, through undersigned counsel, brings this action against RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. and CHRISTIANA FISHER an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state overtime and spread of hours laws arising out of Plaintiff's employment at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206.

18. Plaintiff CARMEN MARIA VARGAS was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL

4

INC., from approximately December 01st, 2003 through present. Although Plaintiff CARMEN MARIA VARGAS worked approximately seventy eight (78) hours or more per week during the period of December of 2003 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

19. Plaintiff CARMEN MARIA VARGAS was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. from approximately December of 2003 through present, Defendants failed to pay an extra hour of minimum wage for days worked over 10 hours, in accordance with NY Labor Law and Fair Labor Standards Act.

20. Although Plaintiff CARMEN MARIA VARGAS worked approximately seventy eight (78) hours or more per week during the period of December of 2003 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

21. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

22. Plaintiff, through undersigned counsel, brings this action against RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. and CHRISTIANA FISHER an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state overtime and spread of hours laws arising out of Plaintiff's employment at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206.

23. Plaintiff DULCINA TEJADA was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC., from approximately December 27th, 2004 through present. Although Plaintiff DULCINA TEJADA worked approximately fifty eight (58) hours or

more per week during the period of December of 2004 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

24. Plaintiff DULCINA TEJADA was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC., from approximately December of 2004 through present, Defendants failed to pay an extra hour of minimum wage for days worked over 10 hours, in accordance with NY Labor Law and Fair Labor Standards Act.

25. Although Plaintiff DULCINA TEJADA worked approximately fifty eight (58) hours or more per week during the period of December of 2004 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

26. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

28. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

29. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

30. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

31. Plaintiff, LUZ TORRES, resides at 187 Teneyck Walk Ave., Brooklyn, NY 11206, in Kings County, and was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York from on or about November 01st, 1994 through present.

32. Plaintiff, CLARA JAVIER, resides at 1303 Green Ave., Brooklyn, New York 11237, in Kings County, and was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York from on or about September 01st, 2002 through present.

33. Plaintiff, JUSTA YNOA, resides at 1729 Linden St., Brooklyn, New York 11385, in Kings County, and was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Kings County, from on or about August 01st, 2001 through present.

34. Plaintiff, CARMEN MARIA VARGAS, resides at 1220 Sutter Ave., Brooklyn New York 11206, in Kings County, and was employed by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Kings, New York from on or about December 01st, 2003 through present.

35. Plaintiff, DULCINA TEJADA, resides at 427 Wilson Ave, Brooklyn 11221, in Kings County, New York and was employed by Defendants at RIGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York from on or about December 27th, 2004 through present.

36. Upon information and belief, Defendants, RIDGEWOOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. is a corporation organized under the laws of New York with a principal executive office at 217 Wyckoff Ave., Brooklyn, New York, 11237.

37. Upon information and belief, Defendants, RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. is a corporation authorized to do business under the laws of New York.

38. Upon information and belief, Defendant CHRISTIANA FISHER, owns and/or operates RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE

7

COUNCIL INC. that does business under the name "RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL" at 533 Bushwick Ave., Brooklyn, New York, 11206.

39. Upon information and belief, Defendant CHRISTIANA FISHER, is the Chairman of the Board of RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC.

40. Upon information and belief, Defendant CHRISTIANA FISHER, is the Chief Executive Officer of RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC.

41. Upon information and belief, Defendant CHRISTIANA FISHER, is an agent of RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC.

42. Upon information and belief, Defendant CHRISTIANA FISHER, has power over personnel decisions.

43. Upon information and belief, Defendant CHRISTIANA FISHER, has power over payroll decisions.

44. Defendant CHRISTIANA FISHER has the power to hire and fire employees at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. establish and pay their wages, set their work schedule, and maintains their employment records.

45. During relevant times, Defendant CHRISTIANA FISHER, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

46. On information and belief, RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

8

## CLASS ALLEGATIONS

47. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules and under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

48. The proposed class consists of:

   ALL PERSONS WHO WORKED FOR THE DEFENDANTS IN THE PAST 6 YEARS WITHOUT OVERTIME COMPENSATION

49. This action is brought on behalf of Plaintiffs and a class consisting of each and every other person who performed work for Defendants other than the executive and management positions.

50. The putative class is so numerous that joinder of all members is impracticable.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiffs are typical of the claims of the putative class.

53. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

54. Prosecution of this case as a class action will eliminate the possibility of repetitious litigation, while also providing redress of claims too small to support the expense of individual, complex litigation.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## STATEMENT OF FACTS

56. Plaintiff, LUZ TORRES, was employed by Defendants at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York, between approximately November 01st, 1994 through present.

57. During her employment by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. Plaintiff's primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients. Although the Plaintiffs primary duty was to care for the patient, about 75% of the Plaintiffs time during the week was spent performing household duties. Luz Torres spent about 12 hours per week

9

cleaning the clients' house, 10 hours per week preparing meals and cooking, 6 hours per week bathing the patient, 6 hours per week doing laundry, 8 hours per week running errands for the patient, and 6 hours per week making and changing the bed.

58. Defendants usually created work schedule, requiring Plaintiff LUZ TORRES to work well more than forty (40) hours per week.

59. Plaintiff, LUZ TORRES, was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206. Although Plaintiff worked approximately fifty six (56) hours or more per week during the period of November of 1994 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

60. Defendants compensated Plaintiffs at a rate of nine dollars and ninety cents per hour ($9.90) without paying overtime for hours worked over forty (40) in any particular week.

61. In fact, the schedule created by Defendants required Plaintiff to work approximately fifty six (56) hours or more per week.

62. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times her regular rate for hours worked in excess of forty (40) hours per week.

63. During many or all weeks in which Plaintiff LUZ TORRES was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

64. Defendants did not pay Plaintiff LUZ TORRES for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

65. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

66. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

67. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

68. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

69. Plaintiff, CLARA JAVIER, was employed by Defendants at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York, between approximately September 01st, 2002 through present.

70. During her employment by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. Plaintiff's primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients. Although the Plaintiffs primary duty was to care for the patient, about 87.5% of the Plaintiffs time during the week was spent performing household duties. Clara Javier spent about 12 hours per week cleaning the clients house, 8 hours per week preparing meals and cooking, 6 hours per week bathing the patient, 4 hours per week doing laundry, 6 hours per week running errands for the patient, and 6 hours per week making and changing the bed.

71. Defendants usually created work schedule, requiring Plaintiff CLARA JAVIER to work well more than forty (40) hours per week.

72. Plaintiff, CLARA JAVIER, was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave, Brooklyn, New York, 11206. Although Plaintiff worked approximately sixty (60) hours or more per week during the

period of September of 2002 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

73. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty (60) hours or more per week.

74. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times her regular rate for hours worked in excess of forty (40) hours per week.

75. During many or all weeks in which Plaintiff CLARA JAVIER was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

76. Defendants did not pay Plaintiff CLARA JAVIER for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

77. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

78. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

79. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

80. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

81. Plaintiff, JUSTA YNOA, was employed by Defendants at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York, between approximately August 01st, 2001 through present.

82. During her employment by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. Plaintiff's primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients. Although the Plaintiffs primary duty was to care for the patient, about 83% of the Plaintiffs time during the week was spent performing household duties.  Justa Ynoa spent about 12 hours per week cleaning the clients house, 6 hours per week preparing meals and cooking, 6 hours per week bathing the patient, 4 hours per week doing laundry, 6 hours per week running errands for the patient, and 6 hours per week making and changing the bed.

83. Defendants usually created work schedule, requiring Plaintiff JUSTA YNOA to work well more than forty (40) hours per week.

84. Plaintiff, JUSTA YNOA, was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206.  Although Plaintiff worked approximately forty eight (48) hours or more per week during the period of August of 2001 and still currently working, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

85. In fact, the schedule created by Defendants required Plaintiff to work approximately forty eight (48) hours or more per week.

86. Plaintiffs spent more than 50% of their time doing general household duties for each client they had to attend to.  At times Plaintiffs had more than one client in a day, and were required to travel back and forth from each clients' house in order to complete all duties required by them.

87. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

88. During many or all weeks in which Plaintiff JUSTA YNOA was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

89. Defendants did not pay Plaintiff JUSTA YNOA for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

90. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

91. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

92. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

93. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

94. Plaintiff, CARMEN MARIA VARGAS, was employed by Defendants at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York, between approximately December 01st, 2003 through present.

95. During her employment by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. Plaintiff's primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients. Although the Plaintiffs primary duty was to care for the patient, about 93% of the Plaintiffs time during the week was spent performing household duties. Carmen Maria Vargas spent about 18 hours per week cleaning the clients house, 12 hours per week preparing meals and cooking, 6 hours per week bathing the patient, 6 hours per week doing laundry,

14

8 hours per week running errands for the patient, and 6 hours per week making and changing the bed.

96. Defendants usually created work schedule, requiring Plaintiff CARMEN MARIA VARGAS to work well more than forty (40) hours per week.

97. Plaintiff, CARMEN MARIA VARGAS, was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL located at 533 Bushwick Ave, Brooklyn, New York, 11206. Although Plaintiff worked approximately seventy eight (78) hours or more per week during the period of December 01st, 2003 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

98. In fact, the schedule created by Defendants required Plaintiff to work approximately seventy eight (78) hours or more per week.

99. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

100.    During many or all weeks in which Plaintiff CARMEN MARIA VARGAS was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

101.    Defendants did not pay Plaintiff CARMEN MARIA VARGAS for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

102.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

103.    Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

104.   Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

105.   Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

106.   Plaintiff, DULCINA TEJADA, was employed by Defendants at the RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. in Brooklyn, New York, between approximately December 27th, 2004 through present.

107.   During her employment by Defendants at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. Plaintiff's primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients. Although the Plaintiffs primary duty was to care for the patient, about 83% of the Plaintiffs time during the week was spent performing household duties. Dulcina Tejada spent about 14 hours per week cleaning the clients house, 12 hours per week preparing meals and cooking, 6 hours per week bathing the patient, 4 hours per week doing laundry, 6 hours per week running errands for the patient, and 6 hours per week making and changing the bed.

108.   Defendants usually created work schedule, requiring Plaintiff DULCINA TEJADA to work well more than forty (40) hours per week.

109.   Plaintiff, DULCINA TEJADA, was employed by Defendants to work at RIDGEWOOD BUSHWICK SENIOR CITIZENS HOMECARE COUNCIL INC. located at 533 Bushwick Ave., Brooklyn, New York, 11206. Although Plaintiff worked approximately fifty eight (58) hours or more per week during the period of December 2004 through present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

16

110.    In fact, the schedule created by Defendants required Plaintiff to work approximately fifty eight (58) hours or more per week.

111.    At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times her regular rate for hours worked in excess of forty (40) hours per week.

112.    During many or all weeks in which Plaintiff DULCINA TEJADA was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

113.    Defendants did not pay Plaintiff DULCINA TEJADA for her services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

114.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

115.    Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

116.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

117.    Defendants compensated Plaintiffs at a rate of nine dollars and ninety cents per hour ($9.90) without paying overtime for hours worked over forty (40) in any particular week.

118.    Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

119. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

120. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

121. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

122. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

123. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

124. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith to comply with the FLSA with respect to their compensation of Plaintiffs.

125. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

126. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

127. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

128. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the

minimum wage, the minimum wage rate to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

129.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

130.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

131.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

132.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that judgment be granted:

a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, and the New York Labor Law and its regulations;

b.  Awarding Plaintiffs unpaid overtime wages and spread of hours;

c.  Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d.  Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 11th day of November 2008.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

20

# Exhibit B

Case 1:08-cv-03878-CBA-RER   Document 16   Filed 02/02/09   Page 26 of 45 PageID #: 114

UNITED STATES CODE SERVICE
Copyright © 2008 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

*** CURRENT THROUGH PL 110-455, APPROVED 12/19/2008 ***

TITLE 29. LABOR
CHAPTER 8. FAIR LABOR STANDARDS

**Go to the United States Code Service Archive Directory**

29 USCS § 213

⏏ **NITA Commentary:**

Review expert commentary from The National Institute for Trial Advocacy

§ 213.  Exemptions

(a) Minimum wage and maximum hour requirements. The provisions of sections 6 (except section 6(d) in the case of paragraph (1) of this subsection) and 7 [29 USCS §§ 206, 207] shall not apply with respect to--
   (1) any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except than [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities); or
   (2) [Repealed]
   (3) any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year, except that the exemption from sections 6 and 7 [29 USCS §§ 206 and 207] provided by this paragraph does not apply with respect to any employee of a private entity engaged in providing services or facilities (other than, in the case of the exemption from section 6 [29 USCS § 206], a private entity engaged in providing services and facilities directly related to skiing) in a national park or a national forest, or on land in the National Wildlife Refuge System, under a contract with the Secretary of the Interior or the Secretary of Agriculture; or
   (4) [Repealed]
   (5) any employee employed in the catching, taking, propagating, harvesting, cultivating, or farming of any kind of fish, shellfish, crustacea, sponges, seaweeds, or other aquatic forms of animal and vegetable life, or in the first processing, canning or packing such marine products at sea as an incident to, or in conjunction with, such fishing operations, including the going to and returning from work and loading and unloading when performed by any such employee; or
   (6) any employee employed in agriculture (A) if such employee is employed by an

employer who did not, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agriculture labor, (B) if such employee is the parent, spouse, child, or other member of his employer's immediate family, (C) if such employee (i) is employed as a hand harvest laborer and is paid on a piece rate basis in an operation which has been, and is customarily and generally recognized as having been, paid on a piece rate basis in the region of employment, (ii) commutes daily from his permanent residence to the farm on which he is so employed, and (iii) has been employed in agriculture less than thirteen weeks during the preceding calendar year, (D) if such employee (other than an employee described in clause (C) of this subsection) (i) is sixteen years of age or under and is employed as a hand harvest laborer, is paid on a piece rate basis in an operation which has been, and is customarily and generally recognized as having been, paid on a piece rate basis in the region of employment, (ii) is employed on the same farm as his parent or person standing in the place of his parent, and (iii) is paid at the same piece rate as employees over age sixteen are paid on the same farm, or (E) if such employee is principally engaged in the range production of livestock; or

(7) any employee to the extent that such employee is exempt by regulations, order, or certificate of the Secretary issued under section 14 [29 USCS § 214]; or

(8) any employee employed in connection with the publication of any weekly, semiweekly, or daily newspaper with a circulation of less than four thousand the major part of which circulation is within the county where published or counties contiguous thereto; or

(9) [Repealed]

(10) any switchboard operator employed by an independently owned public telephone company which has not more than seven hundred and fifty stations; or

(11) [Repealed]

(12) any employee employed as a seaman on a vessel other than an American vessel; or

(13), (14) [Repealed]

(15) any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary); or

(16) a criminal investigator who is paid availability pay under section 5545a of title 5, United States Code; or

(17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is--

(A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

(B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

(D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and

who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $ 27.63 an hour.

# Exhibit C

Case 1:08-cv-03078-CBA-RER   Document 16   Filed 02/02/09   Page 29 of 45 PageID #: 117

*29 CFR 552.6*

Retrieve Regulatory Impact® **($)**

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2008, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

\*\*\* THIS SECTION IS CURRENT THROUGH THE DECEMBER 22, 2008 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 29 -- LABOR
SUBTITLE B -- REGULATIONS RELATING TO LABOR
CHAPTER V -- WAGE AND HOUR DIVISION, DEPARTMENT OF LABOR
SUBCHAPTER A -- REGULATIONS
PART 552 -- APPLICATION OF THE FAIR LABOR STANDARDS ACT TO DOMESTIC SERVICE
SUBPART A -- GENERAL REGULATIONS

**Go to the CFR Archive Directory**

29 CFR 552.6

§ 552.6 Companionship services for the aged or infirm.


   As used in section 13(a)(15) of the Act, the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. They may also include the performance of general household work: Provided, however, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked. The term "companionship services" does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse. While such trained personnel do not qualify as companions, this fact does not remove them from the category of covered domestic service employees when employed in or about a private household.

**HISTORY:**
40 FR 7405, Feb. 20, 1975.

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
Secs. 13(a)(15) and 13(b)(21) of the Fair Labor Standards Act, as amended (29 U.S.C. 213 (a)(15), (b)(21)), 88 Stat. 62; Sec. 29(b) of the Fair Labor Standards Amendments of 1974 (Pub. L. 93-259, 88 Stat. 76).

**NOTES:**
NOTES APPLICABLE TO ENTIRE SUBTITLE:
CROSS REFERENCES: Railroad Retirement Board: See Employees' Benefits, 20 CFR chapter II.
Social Security Administration: See Employees' Benefits, 20 CFR chapter III.
EDITORIAL NOTE: Other regulations issued by the Department of Labor appear in 20 CFR

chapters I, IV, V, VI, VII; 30 CFR chapter I; 41 CFR chapters 50, 60, and 61; and 48 CFR chapter 29.

NOTES TO DECISIONS: COURT AND ADMINISTRATIVE DECISIONS SIGNIFICANTLY DISCUSSING SECTION --
Long Island Care at Home, Ltd. v Coke (2007, US) 127 S Ct 2339, 168 L Ed 2d 54, 12 BNA WH Cas 2d 1089, 20 FLW Fed S 329
Coke v Long Island Care at Home, Ltd. (2006, CA2 NY) 462 F3d 48, 11 BNA WH Cas 2d 1377
Cook v Hays (2006, CA5 La) 12 BNA WH Cas 2d 228, 153 CCH LC P35236
Coke v Long Island Care at Home, Ltd. (2003, ED NY) 267 F Supp 2d 332, affd in part and vacated in part, remanded (2004, CA2 NY) 376 F3d 118, 9 BNA WH Cas 2d 1377, 150 CCH LC P34879, subsequent app (2005) 545 US 1103, 125 S Ct 2537, 162 L Ed 2d 274 and vacated, remanded (2006) 546 US 1147, 126 S Ct 1189, 163 L Ed 2d 1125, 11 BNA WH Cas 2d 288 and adhered to, remanded, on reconsideration (2006, CA2 NY) 462 F3d 48, 11 BNA WH Cas 2d 1377, revd, remanded (2007, US) 127 S Ct 2339, 168 L Ed 2d 54, 12 BNA WH Cas 2d 1089, 20 FLW Fed S 329 and (Overruled as stated in Buckner v Fla. Habilitation Network, Inc. (2007, CA11 Fla) 489 F3d 1151, 12 BNA WH Cas 2d 1153, 20 FLW Fed C 755)
Harris v Dorothy L. Sims Registry (2001, ND Ill) 7 BNA WH Cas 2d 1116 (criticized in Coke v Long Island Care at Home, Ltd. (2003, ED NY) 267 F Supp 2d 332)
Nellis v G.R. Herberger Revocable Trust (2005, DC Ariz) 360 F Supp 2d 1033

172 words

Service: **Get by LEXSTAT®**
Citation: **29 cfr 552.6**
View: Full
Date/Time: Friday, January 2, 2009 - 3:15 PM EST

 LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# Exhibit D

Case 1:08-cv-03678-CBA-RER   Document 16   Filed 02/02/09   Page 32 of 45 PageID #: 120

*1995 DOLWH LEXIS 22, \**

[NO NUMBER IN ORIGINAL]

U.S. DEPARTMENT OF LABOR

1995 DOLWH LEXIS 22

March 15, 1995

**CORE TERMS:** household, cleaning, patient, companionship, washing, clothes, meal, bed

**JUDGES:** Daniel F. Sweeney, Deputy Assistant Administrator

**OPINION:**

**[\*1]**
This is in response to your letter requesting an opinion concerning the application of section 13(a)(15) of the Fair Labor Standards Act (FLSA) to your client's business of providing companionship services for individuals in their homes.

You state that your client's employees, while working as sitters or companions, in compliance with 29 CFR § 552.6, do perform household work related to the personal care of the home-bound individual such as preparing meals, making beds, washing clothes or other similar services. You raise several questions/examples as to what other activities would be classified as non-routine care related to the patient's physical and psychological personal care.

As you know, section 552.6 of 29 CFR Part 552 defines "companionship services" as those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs. Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services. Section 552.6 also includes the performance of "general household work" **[\*2]** provided that such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.

Based on the information provided, it is our opinion that such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient and would be the type of household work that would be exempt work for purpose of section 13(a)(15) of the FLSA. However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a "trashy" house would be general household work or nonexempt work that is subject to the 20 percent time limitation.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have also represented **[\*3]** that this opinion is not sought on behalf of a client or firm which is under investigation by the Wage and Hour Division, or which is in litigation with respect to, or subject to the terms of any agreement or order applying, or requiring compliance with, the provisions of the FLSA.

We trust that the above is responsive to your inquiry.

Case 1:08-cv-03878-CBA-RER   Document 16   Filed 02/02/09   Page 33 of 45 PageID #: 121

Sincerely,

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Labor & Employment Law > Wage & Hour Laws > Administrative Proceedings & Remedies >
Investigative Authority

         Service: **Get by LEXSEE®**
        Citation: **1995 DOL WH LEXIS 22**
           View: Full
     Date/Time: Friday, January 2, 2009 - 3:11 PM EST

 LexisNexis®

About LexisNexis  | Terms & Conditions  | Contact Us
Copyright ©  2009 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

# Exhibit E

09/30/2008  13:00   7188217986          RBSCC                    PAGE  02/02

State of New York - Department of Labor                    Division of Labor Standards



## STATEMENT OF NON-PROFITMAKING INSTITUTIONS (For Instructions, See Over)

OFFICAL NAME OF INSTITUTION                                 TELEPHONE NUMBER
Ridgewood Bushwick Senior Citizen Homecare Council, Inc. (212) 366-3040
ADDRESS (INCLUDING STREET, CITY OR VILLAGE, COUNTY AND ZIP CODE)

319 Stanhope Street, Brooklyn, N.Y. 11237
OTHER NAMES BY WHICH INSTITUTION IS KNOWN, IF ANY

None

THE INSTITUTION NAMED ABOVE IS A ☒ CORPORATION:  ☐ UNINCORPORATED ASSOCIATION:  ☐ COMMUNITY CHEST:  ☐ FUND
☐ FOUNDATION:  ☐ OTHER (EXPLAIN)

A. DATE ORGANIZED __December 18, 1979__   DATE FIRST HIRED EMPLOYEE(S) __Feb. 4, 1980__

THE INSTITUTION NAMED ABOVE WAS ORGANIZED AND IS OPERATED EXCLUSIVELY FOR ☐ EDUCATIONAL PURPOSES:
☐ RELIGIOUS PURPOSES:  ☒ CHARITABLE PURPOSE:  OTHER PURPOSES (EXPLAIN)

THE PRINCIPAL ACTIVITIES OF THE INSTITUTION ARE:

Provision of personal care services as defined in New York State
Department of Social Services regulation 505.14 to individuals
eligible for such services

NO PART OF THE NET EARNINGS OF THIS INSTITUTION INURES TO THE BENEFIT OF ANY PRIVATE SHAREHOLDER OR INDIVIDUAL.  ☐ NO  ☒ YES

CERTIFICATION BY NON-PROFITMAKING INSTITUTION FOR ELECTION OF STATUTORY MINIMUM RATE COVERAGE IN LIEU OF MINIMUM WAGE COVERAGE PURSUANT TO SECTION 652.3 OF THE MINIMUM WAGE ACT (For Instructions, See Over)

State of New York
                    ss:
County of

I, ........ Homero Rosado ........................., being duly sworn, do certify to the Industrial Commissioner of the State of New York as follows:

8.   That I hold the position of Senior Citizen Co-Chairperson - Ridgewood Bushwick Senior Citizen Homecare Council, Inc. (ENTER OFFICIAL NAME OF INSTITUTION) in and that I am authorized to make this certification on behalf of said institution.

9.   That the said institution is a non-profitmaking institution and was organized and is operated exclusively for religious, charitable or educational purposes.

10.   That no part of the net earnings of said institution inures to the benefit of any private shareholder or individual.

11.   That the said institution will pay and intends to continue to pay to each of its employees in every occupation a wage, exclusive of allowances, of not less than the hourly minimum rate prescribed and to be prescribed in Article 19 of the Labor Law.

12.   That I have completed the foregoing Statement of Non-Profitmaking Institution and that all the information submitted thereon has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

Sworn to before me this __31st__
day of __January__ 19 __80__                    _____ (SIGNATURE)
                                                CALOGERO CASCIO
                                                NOTARY PUBLIC, State of New York

# Exhibit F

## CERTIFICATE OF INCORPORATION

OF

THE RIDGEWOOD-BUSHWICK SENIOR CITIZEN HOMECARE COUNCIL, INC.

Under Section 402 of the Not-For-Profit Corporation Law

IT IS HEREBY CERTIFIED THAT:

1.   The name of the corporation is THE RIDGEWOOD-BUSHWICK SENIOR CITIZEN HOMECARE COUNCIL, INC.

2.   The corporation is a corporation as defined in subparagraph (a)(5) of Section 102 (Definitions) of the Not-For-Profit Corporation Law.

3.   The purpose or purposes for which the corporation is formed are as follows:

> To provide personal care services as mandated by Title XIX of the Social Security Act.
>
> To provide personal care services to individuals designated exclusively by the New York State Department of Social Services as a result of said individuals being classified as qualifying for the receipt of services under the Social Security Act.
>
> The individuals so designated by the Department of Social Services are persons classified as elderly, blind and/or disabled.  The recipients of the services provided by the company receive the personal care services administered by trained employees of the company without fee or charges.  The type of services provided is paid entirely by New York City, New York State and the United States Government.
>
> Were it not for this type of service, the general public would have to incur great costs resulting from recipients of this program having to be hospitalized as opposed to being cared for in their own homes.

A629793



Besides providing the administration of this service at the lowest possible cost to the City of New York, the company directly assists the public by using funds it receives from the New York City Department of Social Services to employ individuals who would otherwise be on the welfare rolls or unemployed.  The employment and personal care service training provided by the company allows people to join the ranks of the gainfully employed.

To do any other act or thing incidental to or connected with the foregoing purposes or in advancement thereof, but not for the pecuniary profit or financial gain of its members, directors or officers, except as permitted under Article 5 of the Not-For-Profit Corporation Law.

4.   In furtherance of its corporate purposes, the corporation shall have all the general powers enumerated in Section 202 of the Not-For-Profit Corporation Law, together with the power to solicit grants and contributions for the corporate purposes.

5.   Nothing herein shall authorize this corporation, directly or indirectly, to engage in or include among its purposes, any of the activities mentioned in Not-For-Profit Corporation Law, Section 404(b)-(t).

6.   The corporation shall be a Type B corporation pursuant to section 201 of the Not-For-Profit Corporation Law.

7.   The names and addresses of the initial directors of the corporation are as follows:

Elizabeth Arcuri
138 St. Nicholas Avenue
Brooklyn, New York 11237

Leonard Arcuri
138 St. Nicholas Avenue
Brooklyn, New York 11237



Adelaide Handschuh
1815 Stockholm Street
Ridgewood, New York 1123!

Frieda Nelson
1851 Madison Street
Ridgewood, New York 11237

Peter Orlando
60 St. Nicholas Avenue
Brooklyn, New York 11237

Joseph Ortiz
399 Stanhope Street
Brooklyn, New York 11237

Mary Rodgers
256 Melrose Street
Brooklyn, New York

Homero Rosado
364 Harmon Street
Brooklyn, New York 11237

Florence Russo
246 Stanhope Street
Brooklyn, New York 11237

Aurea Vasquez
295 Stanhope Street
Brooklyn, New York 11237

8.   Notwithstanding any other provisions of these articles, the corporation is organized exclusively for one or more the the following purposes: religious, charitable, scientific, testing for public safety, literary or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of the athletic facilities or equipment), or for the prevention of cruelty to children or animals, as specified in section 501(c)(3) of the Internal Revenue Code of 1954,

and shall not carry on any activities not permitted to be carried on
by a corporation exempt from Federal income tax under section 501(c)
(3) of the Internal Revenue Code of 1954 or corresponding provision
of any subsequent Federal tax laws.

9.    No part of the net earnings of the corporation shall inure
to the benefit of any member, trustee, director, officer of the
corporation, or any private individual (except that reasonable com-
pensation may be paid for services rendered to or for the corporation),
and no member, trustee, officer of the corporation or any private
individual shall be entitled to share in the distribution of any of
the corporate assets on dissolution of the corporation.

10.    No substantial part of the activities of the corporation
shall be carrying on propaganda, or otherwise attempting to influence
legislation (except as otherwise provided by Internal Revenue Code
section 501(h), or participating in, or intervening in (including
the publication or distribution of statements), any political
campaign on behalf of any candidates for public office.

11.    In the event of dissolution, all of the remaining assets
and property of the corporation shall after necessary expenses
thereof be distributed to another organization exempt under
section 501 (c)(3) of the Internal Revenue Code of 1954, or cor-
responding provisions of any subsequent Federal tax laws, or to the
Federal government, or state or local government for a public
purpose, subject to an order of a Justice of the Supreme Court

of the State of New York.

12.   In any taxable year in which the corporation is a private
foundation as described in section 509(a) of the Internal Revenue Code
of 1954, the corporation shall distribute its income for said period
at such time and manner as not to subject it to tax under section
4942 of the Code; and the corporation shall not (a) engage in any
act of self-dealing as defined in section 4941(d) of the Code;
retain any excess business holdings as defined in section 4943(c)
of the Code; (c) make any investments in such manner as to subject
the corporation to tax under section 4944 of the Code; or (d)
make any taxable expenditures as defined in section 4945(d) of the
Code or corresponding provisions of any subsequent Federal tax laws.

13.   The office of the corporation is to be located in the
City of New York, County of Kings, State of New York.

14.   The territory in which the activities of the corporation
are principally to be conducted is State of New York.

15.   The post office address to which the Secretary of State
shall mail a copy of any notice required by law is:

c/o the corporation
THE RIDGEWOOD-BUSHWICK SENIOR CITIZEN
HOMECARE COUNCIL, INC.

319 Stanhope Street
Brooklyn, New York 11237

16.   Prior to submission to the Department of State for filing,
all approvals and consents required by law will be endorsed upon,
or annexed to this Certificate of Incorporation.



IN WITNESS WHEREOF, the undersigned incorporator being at least eighteen years of age has executed and signed this certificate this 17ᵗʰ day of December, 1979.

Ruth Berger
Ruth Berger
62 White Street
New York, New York 10013

STATE OF NEW YORK )
                  )ss
COUNTY OF NEW YORK )

On this 17ᵗʰ day of December, 1979, before me personally came Ruth Berger who executed the foregoing instrument, and she duly acknowledged to me that she executed the same.

Raphael H. Levi
Raphael H. Levi
Notary Public

RAPHAEL H. LEVI
Notary Public, State of New York
No. 31-7607260
Qualified in New York County
Commission Expires March 30, 1980



I, the undersigned Justice of the Supreme Court of the State
of New York Second Judicial District, do hereby approve the foregoing
Certificate of Incorporation of THE RIDGEWOOD-BUSHWICK SENIOR
CITIZEN HOMECARE COUNCIL, INC.

Dated: DECEMBER 19 1979
       BROOKLYN N Y

                                          J. S. C.
                                    HON. MURRAY L. FEIDEN

BERNARD MOVNIN
Assistant Attorney General



T 382—Certificate that proposed corporate name does not conflict.     JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

CERTIFICATE OF

Ridgewood-Bushwick Senior Citizen Council, Inc.
as to resolution that proposed corporate name does
not conflict.

Department of State
Division of Corporations
Albany 1, New York

Sirs:

The following is a true copy of a resolution duly
adopted by the Board of Directors of the above named
corporation at a meeting of the said Board duly held at
an office of the corporation on the date hereof.

"WHEREAS, there has been proposed the formation
of a corporation pursuant to the laws of the State of New
York under the name The Ridgewood-Bushwick Senior Citizen
Home Care Council Inc.
and the Secretary of State has requested the expression of
an opinion by this Board concerning the similarity of the
proposed name to that of this corporation;

Now, therefore be it resolved that in the opinion of
this Board the above mentioned proposed name is not the
same name as, or so similar to, the name of this cor-
poration, as to tend to confuse or deceive and this Board
consents to the use of such name."

Dated:

President

Secretary

(Corporate Seal)

A629793

CERTIFICATE OF INCORPORATION

OF

THE RIDGEWOOD-BUSHWICK SENIOR CITIZEN HOMECARE COUNCIL, INC.

STATE OF NEW YORK
DEPARTMENT OF STATE

DEC 21 1979

Filed By:

Ira Salzman, Esq.
220 Church Street
New York, New York 10013

XL CORPORATE SERVICES INC. (212) 431.7000    (800) 96..9640    2 WHITE ST  N.Y.C. 10013