UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUZ TORRES, CLARA JAVIER, JUSTA YNOA,
CARMEN MARIA VARGAS, and DULCINA
TEJADA, on their own behalf and on the behalf
of others similarly situated,

                          Plaintiffs,

  -against-

RIDGEWOOD BUSHWICK SENIOR CITIZENS
HOMECARE COUNCIL INC. and CHRISTINA
FISHER, an individual,

                          Defendants.
----------------------------------------------------------------x

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**
08-CV-3678 (CBA)

AMON, United States District Judge:

       Plaintiffs, employees of defendant Ridgewood Bushwick Senior Citizens Homecare Council Inc. ("Ridgewood Bushwick"), have brought an amended complaint seeking damages for violations of federal and state laws governing overtime and spread of hours compensation. Plaintiffs allege that they worked overtime and worked daily shifts longer than ten hours without extra compensation as required by law. According to plaintiffs, defendants' failure to pay them overtime violated the minimum wage and maximum hours provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1), and New York's Minimum Wage Act, N.Y. Lab. Law § 652. Plaintiffs also claim that defendants violated New York law governing "spread of hours," N.Y. Lab. Law § 650, et seq., by failing to pay them an extra hour of minimum wage for shifts worked in excess of ten hours.

       Defendants have moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue principally that plaintiffs' claims for overtime are barred by the "companionship exemption" to the FLSA, which exempts from minimum wage and maximum hours requirements any employees that are "employed in domestic service

1

employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15). For the following reasons, defendants' motion to dismiss is granted.

I.      **Background**

According to the allegations in the amended complaint, plaintiffs were employed by defendants to work for Ridgewood Bushwick, beginning at various times since November 1, 1994 and continuing through the present day. (Am. Compl. ¶¶ 3, 8, 13, 18, 23, 31-35.) Although plaintiffs worked more than forty hours per week during the course of their employment, defendants did not pay plaintiffs time and a half for hours worked over forty. (Id. ¶¶ 3, 8, 13, 18, 23.) Defendants also failed to pay plaintiffs an extra hour of minimum wage for days worked over ten hours. (Id. ¶¶ 4, 9, 14, 19, 24.)

During the course of their employment, plaintiffs' "primary duties were to care for patients, prepare food, bathe, and whatever other needs were required to be fulfilled for patients." (Am. Compl. ¶¶ 57, 70, 82, 95, 107.) Although their "primary" job responsibilities were to care for patients, plaintiffs allege that they each spent at least 75% of their time each week performing "household duties." (Id. ¶¶ 57, 70, 82, 95, 107.) Plaintiffs further allege that they "spent more than 50% of their time doing general household duties for each client they had to attend to." (Id. ¶ 86 (emphasis added)) Specifically, plaintiffs spent numerous hours each week performing the following activities: (1) "cleaning the clients' house," (2) "preparing meals and cooking," (3) "bathing the patient," (4) "doing laundry," (5) "running errands for the patient," and (6) "making and changing the bed." (Id. ¶¶ 57, 70, 82, 95, 107.) Plaintiffs were compensated for their work at a rate of $9.90 per hour. (Id. ¶ 60.)

Plaintiffs claim to represent a class consisting of "all persons who worked for the defendants in the past 6 years without overtime compensation." (Am. Compl. ¶ 48.) They exclude from the class any employees in executive and management positions. (Id. ¶ 49.)

## II.     Discussion

### A.     Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. at 2200 (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). The Second Circuit has observed that the applicability of the standard articulated by the Supreme Court in Twombly remains somewhat uncertain but notes that, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and citations omitted).

When determining the sufficiency of a complaint for Rule 12(b)(6) purposes, "consideration is limited to the factual allegations in plaintiffs' [ ] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted); see also I. Meyer Pincus & Assocs.,

P.C. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir.1991) (holding that district courts may consider documents submitted by a defendant on a motion to dismiss if the documents are explicitly relied upon in and integral to the plaintiff's complaint). The Court will draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Although the complaint's allegations are generally accepted as true, "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### B. Coverage Under the FLSA

The FLSA exempts from its minimum wage and maximum hours requirements any employee who is "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15). This so-called "companionship services" exemption applies to those companionship workers who, like the plaintiffs in this case, "are employed by an employer or agency other than the family or household using their services . . . [whether or not] such an employee [is assigned] to more than one household or family in the same workweek . . . ." 29 C.F.R. § 552.109; see also Long Island Care & Home Ltd. v. Coke, 127 S.Ct. 2339, 2344 (2007) (holding that this regulation is valid and binding). Rather than setting forth a definition for "companionship services," the statute leaves the term to be "defined and delimited by regulations of the Secretary [of Labor]." 29 U.S.C. § 213(a)(15).

A Department of Labor ("DOL") regulation provides a multi-part definition for the term "companionship services." See 29 C.F.R. § 552.6. Pursuant to this regulation, "the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or

4

her own needs." Id. The regulation specifies that "[s]uch services may include <u>household work related to the care of the aged or infirm person</u> such as meal preparation, bed making, washing of clothes, and other similar services." Id. (emphasis added). The regulation further provides that companionship services "may also include the performance of general household work: <u>Provided, however</u>, That such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked." Id. The regulation thus differentiates between "household work related to the care of the aged or infirm person," which falls within the companionship services exemption no matter how much time is spent performing the work, and "general household work," which is exempt only if the employee spends 20% or less of his or her weekly hours performing such work.

Plaintiffs argue that they do not provide "companionship services" as defined in 29 C.F.R. § 552.6 because they spend more than 20% of their time performing "general household work." Indeed, plaintiffs' amended complaint contains the broad allegation that plaintiffs "spent more than 50% of their time doing general household duties for each client they had to attend to." (Am. Compl. ¶ 86.) The amended complaint alleges more specifically, however, that plaintiffs' household duties included the following tasks: (1) "cleaning the clients' house," (2) "preparing meals and cooking," (3) "bathing the patient," (4) "doing laundry," (5) "running errands for the patient," and (6) "making and changing the bed." (Am. Compl. ¶¶ 57, 70, 82, 95, 107.) Three of these tasks—preparing meals, making the bed, and doing laundry—are specifically designated as exempt companionship services in 29 C.F.R. § 552.6, which specifies that "household work related to the care of the aged or infirm person" includes "meal preparation, bed making, washing of clothes, and other similar services." The parties' dispute centers around whether plaintiffs' other tasks constitute exempt companionship services.

5

In support of their argument that this work is also exempt under the FLSA, defendants have submitted a DOL opinion letter, dated March 15, 1995, which interprets the companionship exemption and 29 C.F.R. § 552.6. The opinion letter begins by setting forth the definition of "companionship services" contained in § 552.6. It goes on to state:

> [I]t is our opinion that such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient and would be the type of household work that would be exempt work for purpose of section 13(a)(15) of the FLSA. However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a "trashy" house would be general household work or nonexempt work that is subject to the 20 percent time limitation.

(Declaration of Stephen E. Zweig, Jan. 5, 2009, Ex. D, available at 1995 WL 1032475, 1995 DOLWH LEXIS 22.)[1] None of plaintiffs' work constitutes "heavy cleaning" as described in the opinion letter, a fact which plaintiffs conceded at oral argument. (See Oral Argument Tr., Apr. 16, 2009 ("Oral Arg. Tr."), at 6-8.) All of their work is of the kind described in the previous sentence. (Id.) According to the opinion letter's interpretation, therefore, all of plaintiffs' work as alleged in the complaint would constitute household work related to the care of the client, and plaintiffs would fail to state a claim.

Although plaintiffs assert that it would be inappropriate to rely on an opinion letter in resolving this motion to dismiss, neither party addresses or cites any authority regarding the level of interpretive weight to be given to an agency opinion letter.[2] Unlike formal adjudications or regulations, "[i]nterpretations such as those in opinion letters—like interpretations contained in

---

[1] Plaintiffs' contention that DOL opinion letters are unavailable on the Westlaw service is incorrect. Westlaw provides a searchable database of DOL wage and hour opinion letters (database name FLB-WHOL), which includes the opinion letter at issue in this case.

[2] Plaintiffs do not contest that the March 15, 1995 opinion letter is a valid DOL opinion letter. (Oral Arg. Tr. at 9.) Plaintiffs have not presented any other opinion letters that might contradict the opinion letter submitted by defendants. (Id.)

policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant Chevron-style deference" when they interpret legislation. Christensen v. Harris County, 529 U.S. 576, 587, 120 S.Ct. 1655, 1662-63 (2000); see Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778 (1984). Instead, statutory interpretations in opinion letters are "entitled to respect" under the Supreme Court's decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161 (1944), to the extent that they have the "power to persuade." Id.; see Christensen, 529 U.S. at 587, 120 S.Ct. at 1663.

When an opinion letter interprets the agency's own regulation, however, it is entitled to deference under the Supreme Court's opinion in Auer v. Robins, 519 U.S. 452, 117 S.Ct. 905 (1997), so long as the regulation in question is ambiguous. Christensen, 529 U.S. at 588, 120 S.Ct. at 1663. In Auer, the Supreme Court held that the Secretary of Labor's interpretation of its own ambiguous regulations is "controlling unless plainly erroneous or inconsistent with the regulation." 519 U.S. at 461, 117 S.Ct. at 911 (internal quotation marks omitted); see also Federal Express Corp. v. Holowecki, 128 S.Ct. 1147, 1155 (2008) ("Just as we defer to an agency's reasonable interpretations of the statute when it issues regulations in the first instance, see Chevron, supra, the agency is entitled to further deference when it adopts a reasonable interpretation of regulations it has put in force."); Linares Huarcaya v. Mukasey, 550 F.3d 224, (2d Cir. 2008) ("As we have stated in the past, Chevron deference is the deference afforded to an agency's interpretation of a statute it is charged with administering . . . . Auer deference is the deference we afford to an agency's interpretation of its own regulations." (internal quotation marks omitted)). This level of deference applies even when the agency's interpretation of its own regulation is provided in an amicus curiae brief. See Holowecki, 128 S.Ct. at 1155. Auer deference does not apply, however if the interpretation is construing the statute itself, or if the

7

regulation it interprets merely "restate[s] the terms of the statute itself." Gonzales v. Oregon, 546 U.S. 243, 256-57, 126 S.Ct. 904, 915 (2006).

In this case, the DOL opinion letter fills a gap left in the Secretary's regulation, which defines household work related to the care of the client as "meal preparation, bed making, washing of clothes, and other similar services." 29 C.F.R. § 552.6 (emphasis added). This regulation is ambiguous as to what other services are "similar" to those listed. The Court finds the interpretation contained in the opinion letter to be reasonable. Therefore, plaintiffs' allegations compel the conclusion they have not spent 20% or more of their time performing "general household work" as that term is defined under the companionship exemption and corresponding regulations.[3] Accordingly, plaintiffs fail to state a claim under the FLSA. See Herrera v. Council for Human Servs. Home Care Servs. Corp., No. 05 Civ. 10734, 2008 WL 4104025 (S.D.N.Y. Aug. 28, 2008) (granting motion to dismiss where plaintiff asserted in brief that she spent more than 20% of her total work hours performing "general household work" but this "bare allegation" was unsupported by allegations in complaint).

### C. Plaintiffs' State Law Claims

At oral argument, plaintiffs conceded that they could not sustain their state law claims against defendants. (Oral Arg. Tr. at 3.) Accordingly, plaintiffs' state law claims are dismissed.

---

[3] Plaintiffs point out that "because the FLSA is a remedial act, its exemptions . . . are to be narrowly construed." Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir. 1991). In Auer, the Supreme Court addressed and rejected the argument that this principle should affect the level of deference afforded to an agency's interpretations of its own regulations. 519 U.S. at 462-63, 117 S.Ct. at 912 (stating that rule of construing FLSA narrowly "is a rule governing judicial interpretation of statutes and regulations, not a limitation on the Secretary's power to resolve ambiguities in his own regulations. A rule requiring the Secretary to construe his own regulations narrowly would make little sense, since he is free to write the regulations as broadly as he wishes, subject only to the limits imposed by the statute."). Accordingly, this rule of construction does not affect the Court's conclusion that plaintiffs' work is exempt under the FLSA and associated regulations.

### III.     Conclusion

For the foregoing reasons, defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted.  The Clerk of the Court is directed to enter judgment in accordance with this order and to close the case.

SO ORDERED.


Dated: Brooklyn, New York
April 22, 2009

Carol Bagley Amon
United States District Judge